# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MELODY MONTGOMERY,** | |
| Plaintiff, | **CIVIL ACTION NO. 09-CV-13456** |
| vs. | **DISTRICT JUDGE ARTHUR J. TARNOW** |
| **COMMISSIONER OF SOCIAL SECURITY,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| Defendant. | |
| _____/ | |

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** The instant Complaint seeking judicial review of the Commissioner's decision to deny Social Security Disability Insurance Benefits and Supplemental Security Income should be dismissed pursuant to E.D. Mich. Local Rule 41.2 for failure to take action, failure to prosecute and lack of progress.

\*\*\*

Social Security Claimant Melody Montgomery (hereinafter "Plaintiff") filed an application for Social Security disability and Disability Insurance Benefits and Supplemental Security Income (SSI) on November 17, 2006 alleging disability beginning on October 18, 2000. (Docket no. 14-3, TR 9). Claimant's application was initially denied. Following a requested administrative hearing, the Administrative Law Judge denied the application for benefits and SSI in a decision dated February 3, 2009. (TR 17). The Appeals Council denied claimant's request for review.

Plaintiff filed a civil action with this Court on September 1, 2009 seeking review of the denial. (Docket no. 1). On September 4, 2009 Plaintiff's application to proceed *in forma pauperis* and request for service by the U.S. Marshals was granted and Plaintiff's request for appointment of counsel was denied. (Docket nos. 5, 6). On December 1, 2009 the Court entered a scheduling order

in this matter setting forth a January 4, 2010 deadline for Plaintiff to file her Motion for Summary Judgment, a February 4, 2010 deadline for Defendant to file a Response and Cross-Motion, and a February 15, 2010 deadline for Plaintiff to file a Reply. The proof of service shows that the Scheduling Order was served on December 1, 2009. Plaintiff did not file a Motion for Summary Judgment or otherwise respond.

On January 22, 2010 the Court entered and served an Order To Show Cause directing Plaintiff to "respond in writing on or before February 5, 2010, . . . and explain why she has failed to comply with the scheduling order, alternatively Plaintiff may file her . . . motion for summary judgment by February 5, 2010." (Docket no. 16). The Order To Show Cause clearly advised that the Court may dismiss a claim for failure to prosecute or comply with an order and advised that a "[f]ailure to respond in writing to this Order to Show Cause in this matter by February 5, 2010 may result in the dismissal of Plaintiff's case." (Docket no. 16).

Plaintiff did not respond to the Order to Show Cause and has not filed a Motion for Summary Judgment. The Court is mindful that it is required to construe Plaintiff's pro se pleadings liberally, and hold them to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff, however, has not responded or filed anything with the Court which could be construed as a Motion for Summary Judgment or response to the Order to Show Cause. Plaintiff's last filing with the Court was her September 1, 2009 Complaint and accompanying Applications[1]. (Docket nos. 1-3).

---

[1]The Court notes that Lindsay Chandrapal, LLBSW, submitted a letter dated September 8, 2009 and addressed to the District Court Judge, asking the Court to review Plaintiff's case. There is no indication that Ms. Chandrapal is an attorney or representing Plaintiff and while Ms. Chandrapal's information may be evidence in this matter, Ms. Chandrapal is not otherwise qualified to represent Plaintiff in this Court. (Docket no. 7). *See* 28 U.S.C. § 1654; *Hui Yu v.*

Local Rule 41.2 provides that "when . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. Plaintiff was given reasonable notice that she needed to take action to comply with this Court's Order or file a Motion for Summary Judgment. The Court recommends that Plaintiff's Complaint be dismissed for failure to take action and prosecute pursuant to E.D. Mich. LR 41.2.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

---

*United States Dep't of Homeland Sec.*, 568 F. Supp. 2d 231, 234 (D. Conn. 2008)*; Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) (referencing 42 U.S.C. § 406(a)1) (no provision for non-attorney to represent claimant before the Court); *but see Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (non-attorney parent permitted to maintain *pro se* action on behalf of minor child in Supplemental Security Income appeals).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: April 13, 2010                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE




### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Melody Montgomery and Counsel of Record on this date.

Dated: April 13, 2010                     s/ Lisa C. Bartlett
                                          Case Manager